# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**HAROLD WERKHEISER**,

    Plaintiff,

    v.

**POCONO TOWNSHIP, et. al.,**

    Defendants.

CIVIL ACTION NO. 3:13-CV-1001

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Plaintiff, Harold Werkheiser's ("Plaintiff") Motion for Leave to File Supplemental Complaint. (Doc. 29.) Plaintiff seeks to supplement his Amended Complaint. (Doc. 7.) Defendants, Pocono Township ("Township"), Frank Hess and Henry Bengel (collectively "Defendants") oppose Plaintiff's motion, arguing the claim for relief sought to be added does not relate to the original claim for relief or, in the alternative, supplementation would be futile and/or prejudicial to Defendants. (Doc. 33.) Because the claim Plaintiff seeks to add is only indirectly related to his original claim, the motion will be denied.

### **I. Background**

The facts relevant to the current motion are as follows: Plaintiff was an elected official serving on Board of Supervisors of Pocono Township, Monroe County, Pennsylvania, which was a Second Class Township. (Doc. 7, *Amended Complaint* ("*Am. Compl.*"), ¶¶ 2-3.) Plaintiff was elected to a six (6) year term commencing in 2007 and expiring at the end of 2013. (*Am. Compl.*, ¶ 2.) During part of Plaintiff's tenure as supervisor, Defendants Frank Hess and Henry Bengel, also served as the three (3) member Board of Supervisors. (*Id.* at ¶ 4.)

Township supervisors are permitted hold separate positions of employment with the Township. (*Id.* at ¶ 6.) In 2008, Plaintiff was appointed Township Roadmaster and was

reappointed to this position every year thereafter until 2013. (*Id.* at ¶ 7.) In 2011, Defendant Hess took over as Township administrator. (*Id.* at ¶ 11.)

In January 2012, Defendant Hess became temporarily disabled and took leave from the Township for ten (10) days, during which time, Mr. Frank Froio, took over his duties. (*Id.* at ¶ 12.) Despite opposition by Plaintiff, Mr. Froio was subsequently hired by the Township upon motion by Defendant Bengel and second by Defendant Hess. (*Id.* at ¶ 13.) Following the hiring, Plaintiff continued to voice his objections regarding Mr. Froio, as well as objections related to other Township matters. (*Id.* at ¶ 16.) In December 2012, Defendants Hess and Bengel decided not to reappoint Plaintiff as Roadmaster for the year 2013. (*Id.* at ¶ 14.) However, Plaintiff continued to be a salaried Township employee working full-time with the title of Assistant Secretary/Assistant Treasurer. (*Proposed Amended Complaint* ("*Proposed*"), Doc. 29-1. ¶ 8.)

On January 6, 2014, after a ballot referendum, the Township became a First Class Township and five new supervisors were appointed. (*Proposed*, ¶¶ 4, 6.) During the Township meeting on January 6, 2014, Plaintiff's employment as Assistant Secretary/Assistant Treasurer was not continued. (*Id.* at ¶ 9.) Plaintiff alleges his employment was not continued in retaliation for his filing of the current lawsuit. (Docs. 29; 30.) As such, Plaintiff filed the current motion and brief in support on September 24, 2015. (Docs. 29-30.) Defendants filed a response in opposition on October 8, 2015 (Doc 33.) and Plaintiff filed a reply on October 26, 2015 (Doc. 34.).

## II. Discussion

Count I of Plaintiff's Amended Complaint alleges that he was terminated as Roadmaster in retaliation for exercising his First Amendment Rights, while Count II alleges

violations of the Pennsylvania Second Class Township Code and Sunshine Law.[1] (Doc. 7.) Plaintiff has moved to supplement his amended complaint to add an additional count based on his allegation that the current lawsuit "was a substantial or motivating factor in the decisions of Pocono Township not to continue plaintiff in Township employment on January 6, 2014, and not to re-employ him thereafter." (Doc 29-1, ¶ 16.) Plaintiff's proposed supplemental complaint alleges he "was not continued in Township employment on January 16, 2014, because of activity protected by the First Amendment. . . ," *i.e.*, filing a lawsuit. (*Id.* at ¶ 17. ) Plaintiff avers that the supplementation will promote judicial economy and a complete and speedy resolution of the disputes between the parties because the supplemental complaint alleges claims that are based on the original claims. (Doc. 30, 8.) Defendants oppose Plaintiff's request.

Plaintiff moves to supplement his amended complaint pursuant to Federal Rule of Civil Procedure 15(d). Rule 15(d), in relevant part, provides the following:

> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

Fed. R. Civ. P. 15. "An application for leave to file a supplemental pleading, like an application for leave to amend a complaint, is addressed to the sound discretion of the trial

---

[1] Plaintiff's Amended Complaint alleges violations of his First Amendment rights by Defendants Hess and Bengel in their individual capacities. (Doc. 7.) Defendants Hess and Bengel filed a motion to dismiss arguing they were entitled to qualified immunity on these claims. (Doc. 9.) This Court issued an order denying the motion to dismiss and determining that the defendants were not entitled to qualified immunity on the First Amendment claims. (Doc. 15.) This Court's decision was vacated after appeal was filed with the Third Circuit Court of Appeals, and the matter was remanded. (Docs. 17; 23.) The Third Circuit ruled that Defendants Hess and Bengel were entitled to qualified immunity on Count I of Plaintiff's Amended Complaint. *See Werkheiser v. Pocono Twp.*, 780 F. 3d 172 (3d Cir. 2015). This Court then issued an order dismissing the First Amendment claims of Count I as against Defendants Hess and Bengel in their individual capacities. (Doc. 25.)

court." *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988) (citing *Bates v. Western Electric,* 420 F.Supp. 521, 525 (E.D.Pa.1976)). The court is to consider factors such as: "the promotion of a justiciable disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action." *Nottingham,* 709 F. Supp.at 544 (citing Wright and Miller, *Federal Practice and Procedure* § 1509 at 542–43)). "[A] court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [sic] an entirely unrelated set of facts and related to a defendant not implicated in the original complaint." *Nottingham*, 709 F. Supp. at 544 (citations omitted).

Despite Plaintiff's assertion that much of the same evidence will be presented to prove his supplemental claim, I cannot agree. The claims are not based on the same factual scenarios. The amended complaint alleges retaliation by Defendants Hess and Bengel based on the exercise of Plaintiff's First Amendment rights as a supervisor. The purported supplemental claim alleges retaliation by five separate supervisors operating under a different form of township governance and appointed after the action underlying the amended complaint was taken. The supplemental claim is, at best, indirectly related to the amended complaint. *See Dockery v. Wetzel*, No. 3:CV-11-1368, 2013 WL 664931 (M.D. Pa., February 22, 2013). Therefore, I will not permit Plaintiff to supplement the amended complaint.

### III. Conclusion

For the above stated reasons, Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 29.) will be denied.

An appropriate order follows.

| | |
|---|---|
| January 5, 2016 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |